**K, An Attorney and B, An Attorney, Plaintiffs,**

v.

**The COMPLAINTS COMMITTEE OF the MISSISSIPPI STATE BAR, et al., Defendants.**

**Civ. A. No. J84–0868(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 19, 1985.

Shirley Payne, Charles R. Bliss, ACLU of MS, Jackson, Miss., for plaintiffs.

Stephen Kirchmayr, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the following motions: Plaintiff's Motion for Certification of Plaintiff Class, Defendants' Motion for Summary Judgment or, in the Alternative, Motion to Dismiss, and Plaintiff/Intervenor's Motion to Intervene as Plaintiff.

### PARTIES

The Plaintiff in this action is a member in good standing of the Mississippi State Bar who practices law in the State of Mississippi. Upon motion of the Plaintiff, this Court issued a protective order on November 30, 1984, granting Plaintiff the right to prosecute this action under a fictitious name. Plaintiff/Intervenor, Attorney B, is also a member in good standing of the Mississippi State Bar who practices law in the State of Mississippi. Plaintiff/Intervenor is also proceeding anonymously in this action and has filed a motion for a protective order to maintain such anonymity.

The Defendants are the individual members of the Complaints Committee of the Mississippi State Bar, the Complaints Counsel of the Mississippi State Bar and the individual members of the Mississippi Supreme Court. The members of the Complaints Committee and the Court are sued only in their official capacities.

### FACTS

On June 29, 1984, a complaint was filed with Defendant Committee on Complaints of the Mississippi State Bar (Committee) against Plaintiff. The complaint was filed by one of the Plaintiff's former clients and alleged, among other things, that Plaintiff wanted sex in return for his legal services and that he misrepresented the complainant in a divorce action. Plaintiff was immediately served with a copy of the complaint and was notified of his right to submit an informal response. Plaintiff was also informed that his response would be considered prior to determining whether or not an investigatory hearing would be conducted. Plaintiff's response to the complaint was received by the Defendant Complaint Counsel on July 19, 1984. Following a review of the complaint and the Plaintiff's response thereto, the Committee authorized its Complaint Counsel to conduct an investigation and hearing with regard to the allegations of the complaint. Plaintiff received a copy of the September 18, 1984, letter authorizing the investigation and hearing and was notified at that time of his right to offer witnesses and documentary evidence and to cross-examine and subpoena witnesses at the hearing.

The hearing was originally scheduled for October 17, 1984, but Plaintiff requested a continuance and the hearing was postponed until November 19, 1984. Plaintiff also filed a motion for a more specific statement as to the allegations which would be considered at the hearing and sought to have the hearing limited to specified allegations. A variety of other objections to the procedural and substantive aspects of the hearing were raised by the Plaintiff by way of motion and letters to Complaint Counsel

and the hearing was again continued at Plaintiff's request until December 3, 1984.

On November 28, 1984, Complaint Counsel offered to hold the hearing in abeyance pending Plaintiff's presentation of his objections at the Committee's meeting on December 14, 1984. This offer was apparently declined and Plaintiff filed suit in this Court on November 29, 1984, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violation of his rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments. A Motion for Certification of Plaintiff Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and for a Temporary Restraining Order was filed on the same date. In the Motion for a Temporary Restraining Order, Plaintiff requested that this Court enjoin the investigatory hearing. An Order denying the Temporary Restraining Order was entered on December 3, 1984.

The hearing was thereafter held as scheduled. On January 21, 1985, Plaintiff was informed by letter that the Committee had found no conduct on his part which would warrant disciplinary action and that the complaint was therefore dismissed. The letter informing Plaintiff of the dismissal contained a statement to the effect that the investigation had been instituted because of information provided by Plaintiff in his informal response to the complaint. The author of the letter noted that the conduct described by Plaintiff in his response "could constitute conduct not in the best interest of the tradition and values of the legal profession."[1]

Subsequent to the dismissal of the complaint by the Committee, Plaintiff was granted an enlargement of time in which to pursue class certification by Order of this Court on March 3, 1985. Defendants filed a Motion for Summary Judgment or, in the alternative, Motion to Dismiss on March 26, 1985. A Motion to Intervene as Plaintiff was filed on April 8, 1985, and Plaintiffs' Amended Motion for Certification of Plaintiff Class was filed on April 11, 1985. Since issues relating to standing and abstention are raised in relation to each of the Motions, these issues will be addressed first and will then be examined in the particular context of the Motions now pending before this Court.

In relation to these issues, it should be noted that the Plaintiff seeks broad injunctive and declaratory relief against the Defendants. The relief sought includes an injunction limiting and defining the Defendants' authority to conduct investigatory hearings as well as various declarations as to the constitutionality of the procedures and state statutes relating to such hearings.

## STANDING

As shown in the above recitation of the facts underlying Plaintiff's claims, Plaintiff was absolved of any charges of professional misconduct two months after filing the Complaint which is now before the Court.[2]

---

1. The informal response which was filed by Plaintiff with the Mississippi State Bar contained the following statement:

 The allegations concerning my sexual advances to her [the complainant] during the period of time she worked for me have an element of truth, except that the words and actions have been twisted to suit [her] purposes. I have on occasion asked everyone who ever worked for me, plus a goodly number of the legal secretaries and assistant clerks and a few clients, to go away with me for a weekend, to go on vacation with me, to spend the night with me and made various other "sexual" comments. I have patted quite a few [f]annies and tickled or poked quite a few ribs. I may have done any or all of the above to [the complainant]....

2. Plaintiff contends that the letter notifying him of the dismissal of the complaint constituted an informal admonition. The Defendants have countered this allegation with an affidavit attached to their Motion for Summary Judgment stating that the letter was not an informal admonition. The affidavit further states that the letter is deemed expunged and not considered as a charge touching upon the Plaintiff/attorney's conduct. *See* Affidavit of Andrew J. Kilpatrick, Jr. attached to Defendant's Motion for Summary Judgment at par. 10. While this Court finds that there is no genuine issue to the fact that an informal admonition was not issued, that finding is not essential to the resolution of the matters now before the Court. If an informal admonition had been issued by the Committee, Plaintiff could have exercised his

There are at this time no bar disciplinary actions pending against Plaintiff. Affidavit of Andrew J. Kilpatrick, Jr., attached to Defendant's Motion, ¶ 11. Additionally, no damages are sought against any Defendants in this action.

 As stated in *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974), "[p]laintiffs in the federal courts must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." (citations omitted). Because the bar proceedings involving Plaintiff were terminated on January 21, 1985, without any disciplinary action against Plaintiff, Defendants contend that there is at this time no threatened or actual injury sufficient to confer standing upon the Plaintiff to pursue this action in federal court. While Plaintiff's standing at the outset of this action has not been challenged, the mootness doctrine relied upon by the Defendants in support of their Motion has been described as "a time dimension of standing, requiring that the interest originally sufficient to confer standing persists throughout the suit." 13A Wright & Miller, *Federal Practice and Procedure*, § 3533.1 (2d Ed.1984). More simply stated, the mootness doctrine requires the existence of an actual case or controversy in the constitutional sense at all stages of litigation. *See United States Parole Commission v. Geraghty*, 445 U.S. 388, 411, 100 S.Ct. 1202, 1216, 63 L.Ed.2d 479 (1980). The controversy between the parties in the instant case, and thus the threat of injury to the Plaintiff, terminated when the complaint filed with the Mississippi State Bar against Plaintiff was dismissed. This Court therefore has no jurisdiction to decide the constitutionality of the procedures and statutes challenged by Plaintiff. *See Golden v. Zwickler*, 394 U.S. 103, 109–10, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969).

 Plaintiff attempts to avoid application of the mootness doctrine by alleging a live interest in certain of the challenged state laws and a chilling effect from remaining under the investigatory power of the Defendants. While Plaintiff may well have a live interest in the challenged laws governing confidentiality of state bar proceedings and the right to file libel, slander or malicious prosecution actions against the party who filed the complaint against him, this interest is insufficient to constitute an actual case or controversy. Plaintiff has not shown that the Defendants refused to waive the confidentiality of the bar proceedings nor has he shown that he attempted to file any action against the complaining party. *See Boyle v. Landry*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971) (standing to challenge state statutes denied where there was no showing of threatened or actual prosecution under challenged statute). Any injury or threat of injury from the challenged state laws is thus merely conjectual or hypothetical. *See O'Shea, supra*, 414 U.S. 488, at 494, 94 S.Ct. 669 at 675. The "chilling effect" which Plaintiff alleges from remaining under the "sweeping investigatory powers" of the Defendants is also insufficient to breathe life into this claim, since there is no showing that Plaintiff is or will be the subject of another bar investigation. *See Laird v. Tatum*, 408 U.S. 1, 11–14, 92 S.Ct. 2318, 2324–26, 33 L.Ed.2d 154 (1972).

 Plaintiff further alleges that certain statements in the Committee's January 21, 1985, letter are sufficient to give rise to "collateral consequences" and thus to give Plaintiff a continuing live interest in this lawsuit. It has been clearly established, though, that no facts or material relating to the bar complaint filed against Plaintiff, including the January 21, 1985, letter can be disclosed or used in any subsequent bar disciplinary proceedings against him. Since there can be no injury flowing to Plaintiff from the mere existence of this

rights under Rule 7(b)(iv) of Rules of Discipline for the Mississippi State Bar. The provisions of this Rule specify the procedures by which a letter of admonition may be vacated and formal

proceedings instituted. The principles of abstention which would thus be brought into play are discussed in a subsequent section of this Opinion.

**312**

letter in the confidential files of the Mississippi State Bar, the collateral consequences exception to mootness is not applicable.

 Plaintiff's efforts to avoid mootness by categorizing the Defendants' actions as "capable of repetition, yet evading review" must also fail. As noted in *De-Funis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974), the "capable of repetition" exception is applied only in exceptional situations. In order to show that a controversy is "capable of repetition," the individual plaintiff must show that there is a "reasonable expectation" or "demonstrated probability" that the same controversy will recur involving him. *See Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). In this case, the facts show that any recurrence is far from probable. There are approximately 5,126 individual lawyers who are licensed to practice law in Mississippi and who are subject to the disciplinary jurisdiction of the Mississippi Supreme Court. In order for any of these individuals to be subject to the procedures challenged by Plaintiff, a written complaint must be filed with the Mississippi State Bar. *See* Rule 4, Rules of Discipline for the Mississippi State Bar. During the 1983–84 fiscal year, 285 complaints were processed by the Bar. Of this number, 158 or 55% were dismissed without an investigatory hearing. Based upon the facts before this Court, it cannot be said that there is demonstrable probability that one of the estimated 127 complaints which would be the subject of an investigatory hearing will involve Plaintiff.

 Even if a demonstrable probability of recurrence could be shown, Plaintiff would have to show a likelihood that the recurrence would evade review. In the instant case, Defendants have demonstrated that ample provisions for review are provided when any disciplinary action, including issuance of an informal admonition, is taken. Rule 7 of the Rules of Discipline for the Mississippi State Bar allows an attorney who receives a letter of admonition to request in writing that formal disciplinary proceedings be initiated to adjudicate the propriety of the conduct upon which the admonition is based. Where a timely request is made, the letter is vacated and formal proceedings are initiated. Upon final disposition of the bar proceedings, the accused attorney may, as a matter of right, appeal any final disposition to the Mississippi Supreme Court. *See* Rule 9(a), Rules of Discipline of the Mississippi State Bar. On appeal, the Mississippi Supreme Court considers bar disciplinary matters de novo. *See Levi v. Mississippi State Bar*, 436 So.2d 781, 782 (Miss.1983). Thus, upon the recurrence of the actions alleged herein, the Plaintiff would have an ample opportunity to seek review of any disciplinary action taken by the Committee. The Mississippi Supreme Court has shown that it will fully consider any constitutional claims which are raised in an action seeking review of disciplinary proceedings. *See, e.g., Netterville v. Mississippi State Bar*, 397 So.2d 878 (Miss.1981) (due process challenge to disciplinary proceedings). The fact that the Plaintiff in the instant case chose to forego the specified procedures for review following final disposition of the complaint by the Committee in no way establishes that the proceedings are in fact "incapable of review." *See Matter of Kulp Foundry, Inc.*, 691 F.2d 1125, 1130 (3d Cir.1982) (exception to mootness doctrine inapplicable where mootness pending appeal could have been avoided by prompt and diligent action). This Court therefore finds that the Plaintiff's personal claims are moot.

 Because this action was brought as a class action, the Court's inquiry does not end with an examination of the named Plaintiff's standing to pursue his individual claim. Whether the mootness of the named Plaintiff's personal claims requires the dismissal of the suit brought as class action depends largely on the timing of the class certification decision. *See Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1046 (5th Cir.1981). When the personal claims of the named plaintiff are moot and no class has been certified, the

general rule is that the action will be dismissed for mootness. *Id.* at 1045. Plaintiff argues that a substantial risk of mootness on the part of the named Plaintiff in the instant case is sufficient to justify class certification, citing *Johnson v. City of Opelousas,* 658 F.2d 1065 (5th Cir.1981). This argument overlooks the fact that the claims of the named Plaintiff in the instant case are not merely at risk of becoming moot, but are in fact moot and have been moot since final disposition of the disciplinary action on January 21, 1985.

██ In addition to the mootness exceptions advanced as to the personal claims of the named Plaintiff, Plaintiff urges that mootness in the class action context may be avoided by application of the "relation back" doctrine. This theory, when applicable, allows the court a reasonable opportunity to rule on a pending motion for class certification despite the intervening mootness of the named plaintiff's individual claim. *See Zeidman,* 651 F.2d 1030, *supra* at 1047. This theory has been applied in conjunction with the "capable of repetition, yet evading review" doctrine or where the plaintiff's claims have been rendered moot by purposeful action on the part of the Defendant. *Id.* As noted above, this Court does not view Plaintiff's claims as "capable of repetition, yet evading review," and there has been no contention that Defendants purposefully acted to moot Plaintiff's claims.

██ Even without the intervening mootness of the named Plaintiff's claims, this Court finds that Plaintiff has failed to meet the burden of establishing all of the elements necessary for class certification. Plaintiff's claims relate to the substantive and procedural aspects of the Bar's handling of the complaint which was filed against him by a former client. Due to the fact that the scope of any bar investigation will necessarily depend upon the particulars of the complaint being investigated,

Plaintiff's claims cannot be said to be typical of the class which he seeks to represent.[3] *See General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982) (noting that a class representative must possess the same injury as class members); *Vuyanich v. Republic National Bank of Dallas,* 723 F.2d 1195, 1199 (5th Cir.1984) (holding that class representative must possess the same interest and suffer the same injury as the class members) *cert. denied* —— U.S. ——, 105 S.Ct. 567, 83 L.Ed.2d 507. The procedures followed in the investigation of the complaint against Plaintiff could also be atypical, in that Plaintiff was granted two continuances of the investigatory hearing. In addition, the procedures followed by the Bar in relation to a given complaint necessarily vary with the findings which result from the investigatory stage of the procedures. Thus, the class which Plaintiff seeks to represent could include attorneys who are subject to prosecution of a formal complaint while Plaintiff was subject only to the procedures utilized in relation to informal complaints. The Court therefore finds that Plaintiff has failed to satisfy his burden of showing that his claims are typical of the proposed class.

### ABSTENTION

██ As an alternative ground for dismissal, Defendants urge that this Court should decline jurisdiction based upon the principles of abstention as stated and applied in *Middlesex Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) and *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). While abstention would appear to be inapplicable to the extent that there are currently no pending state proceedings against the named Plaintiff, the Court finds that ab-

---

**3.** The proposed class is defined to include "all resident or nonresident attorneys who have in the past, do now, or will in the future practice law or render legal assistance in the State of

Mississippi who have been, are now, or will in the future be subject to the disciplinary jurisdiction of the Mississippi Supreme Court.

stention would be appropriate as to any claims which are subject to pending proceedings before the various disciplinary agencies of the Mississippi State Bar. As previously stated in this opinion, it has been established that there is an adequate opportunity for attorneys who are disciplined by such agencies to raise any constitutional claims in the state proceedings. Since there is an adequate state forum for all relevant issues, the substantial state interest in bar disciplinary proceedings argues heavily against intervention by the federal courts in on-going disciplinary proceedings. Such intervention would run afoul of the principles of comity and federalism which form the basis for abstention.

### INTERVENTION

A Motion to Intervene as Plaintiff in this action was filed by Attorney B after the Defendants had filed their Motion for Summary Judgment. Plaintiff/Intervenor has attempted to intervene based upon the fact that a complaint was filed against her with the Mississippi State Bar in January, 1985. The only action which appears to have been taken by any of the Defendants in regard to this complaint was the mailing of a letter and a copy of the complaint to Plaintiff/Intervenor. To the extent that any actions pertaining to this complaint are currently pending before an agency of the State Bar, this Court would decline jurisdiction based upon the principles of abstention discussed above.

■ Alternatively, this Court finds that the Motion for Intervention should be denied as untimely since it was filed long after the original Plaintiff's claim became moot. *See Black v. Central Motor Lines, Inc.,* 500 F.2d 407, 408 (4th Cir.1974).

For reasons set out hereinabove in this Opinion, Defendants' Motion to Dismiss is hereby granted, and Plaintiff's Motion for Class Certification is denied. Plaintiff/Intervenor's Motion to Intervene is also denied.