563 So.2d 1363 (1990)
James J. FOUGEROUSSE
v.
MISSISSIPPI STATE BAR ASSOCIATION.
No. 02-BA-591.
Supreme Court of Mississippi.
February 21, 1990.
Rehearing Dismissed July 25, 1990.
James J. Fougerousse, Jackson, for appellant.
Michael B. Martz, Jackson, for appellee.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:

STATEMENT OF THE CASE
On October 14, 1987, the Committee on Complaints (presently the Committee on Professional Responsibility) of the Mississippi State Bar (The Bar) issued two directive letters to the Bar's General Counsel to file a Formal Complaint against James J. Fougerousse, a resident of Hinds County, Mississippi, and a member and sole practitioner of the Mississippi State Bar.
The Formal Complaint was filed on November 13, 1987, and charged appellant with three enumerated violations of disciplinary rules arising out of divorce actions pending in the Chancery Courts of Madison and the Second Judicial District of Hinds Counties, Mississippi:
D.R. 1-102(A)(6) which provides that an Attorney shall not engage in conduct that adversely reflects on his fitness to practice law.
D.R. 6-101(A)(3) which provides that an Attorney shall not neglect a legal matter entrusted to him.
AND;
§ 73-3-35 of the Miss. Code of 1972, as Amended, the oath of an Attorney, which requires the Attorney to demean himself with all good fidelity to the Court as to the client; to use no falsehood nor delay any person's cause; and to support the Constitution of the State of Mississippi.
*1364 Service of process on Mr. Fougerousse was completed on December 4, 1987, when the Acknowledgment of Receipt of Summons and Formal Complaint executed by Mr. Fougerousse was filed in the Office of the Clerk of the Mississippi Supreme Court. Consequently, in accordance with Rule 8.4 of the Mississippi State Bar Rules of Discipline, Mr. Fougerousse's Answer to the Formal Complaint was due on or before December 26, 1987, i.e., 20 days after the complaint was served, unless the Presiding Judge for the Tribunal enlarged the time within which Mr. Fougerousse's Answer could be filed. No such extension is found in the record. Nevertheless, appellant claims he made a Formal Appearance on December 14, 1987. The only evidence of such appearance is appellant's statement to that effect in his Response To Formal Complaint, filed on January 22, 1988. Appellant's answer (or, as he calls it, his response) to appellee's Formal Complaint came approximately thirty-eight (38) days after Appellant executed the Acknowledgment of Receipt of Summons and Formal Complaint.
Subsequently, on January 28, 1988, the Bar transmitted a letter to appellant "proposing" that April 4, 1988, be the date of appellant's hearing before the Disciplinary Tribunal. The letter suggested that the hearing begin at 1:30 p.m., and would be held in the Board Room of the offices of the Mississippi State Bar located at 643 North State Street, Jackson, Mississippi. Appellant did not respond to such letter in any fashion whatsoever and thereafter, on February 4, 1988, an Order Setting Trial Date for April 4, 1988, at 1:30 p.m., in the Board Room of the offices of the Mississippi State Bar located at 643 North State Street, Jackson, Mississippi, as executed by the Presiding Judge was filed in the offices of the Clerk of the Mississippi Supreme Court. According to the Clerk's docket sheet, a copy of the Order Setting Trial Date was mailed to Mr. Fougerousse on February 5, 1988. The Clerk's docket sheet further indicates that same was mailed with the notation "Return Receipt # R117814415."
On same February 5, 1988, the Bar also mailed to Mr. Fougerousse, at the address listed on his Response to Formal Complaint and Acknowledgment, a copy of the Order Setting Trial Date. The Bar's cover letter invited appellant to contact its office if he had any questions with regard to the Order Setting Trial Date. The Supreme Court Clerk's Docket sheet shows that on February 8, 1988, John Gore signed, allegedly as agent for appellant, the receipt acknowledging delivery of the Supreme Court's mailing of February 5, 1988. The Clerk's sheet further shows she received the acknowledged receipt in her office on February 9, 1988.
On April 4, 1988, at approximately 1:50 p.m., the instant case was called for trial but appellant was absent. Consequently, the Presiding Judge for the Tribunal asked Counsel for the Bar if he would "like to move the Court to default him" (meaning appellant). The Bar's Counsel responded that he would and moved for the entry of a Default Judgment against appellant "since it is (was) according to my (his) watch 1:56 p.m. on April the 4th, 1988."
Subsequently, the Bar moved to introduce into evidence certain Exhibits and other evidentiary matters, including a prior Informal Admonition, issued to appellant on August 10, 1987, with regard to another complaint filed against him by a client; the Bar then rested its case. The Tribunal took a recess to consider its decision and upon its return announced the following decision:
We note that he's (appellant) defaulted and that he has been given an Informal Admonition in the past and we are concerned that the man after receiving notice failed to appear, makes no excuse, and his problem in the past has been failure to perform his services for his client. Apparently he needs to realize the seriousness of the situation.
There are two counts and it is the Opinion of the Tribunal that the disciplinary action should be a ninety (90) day suspension on both counts to run concurrent *1365 and that he should pay the costs and make restitution to the parties... .
The Default Judgment orally entered against appellant on April 4, 1988 was subsequently reduced to writing and entered with the Clerk of this Court on May 6, 1988. Likewise, the Tribunal's written Opinion and Judgment was entered on May 6, 1988.
Also on May 6, 1988, the Clerk of this Court mailed to the Bar and to appellant a copy of both the Default Judgment and the Opinion and Judgment. On June 6, 1988, appellant filed his Notice of Appeal with the Clerk of this Court appealing the "Final Judgment entered in this cause on May 6, 1988," assigning as errors the following:
I. That the Complaint Tribunal erred in requesting that the Appellee herein move for a Default Judgment against Appellant where there was no "notice" given to Appellant of said hearing date and further, without the benefit of a "Scheduling Order" as outlined in the procedure section pursuant to D.R. 8(8.1) of the Rules of Discipline of the Mississippi State Bar.

Issue # 1
Appellant claims the trial date was set without the benefit of a Scheduling Order, in violation of Rule 8.1, which makes the procedure mandatory and was set by means of an Ex-Parte "Ore Tenus" motion; thus, the trial date was set unilaterally without his input and, most importantly, he insists that he never received any of the notices setting this trial date, referring to the hereinbefore mentioned January 28, 1988, and February 5, 1988, letters sent by the Bar and the February 5, 1988, transmittal from the Mississippi Supreme Court Clerk.
The Bar reasons that if appellant did indeed receive any one or more of the referenced notice letters, he failed to object to such setting and he failed to file a Motion for Continuance. Therefore, it was the Presiding Judges' prerogative to set the date as proposed in the face of no apparent conflicts. Furthermore, while admitting that no scheduling order was set, the Bar contends that the overriding mandate of Rule 8.1 of the Rules of Discipline is to complete each lawyer discipline case in a time period of 180 days; that the Bar in good faith was attempting to comply with this mandate, and that appellant certainly was aware of the 180-day limit and had plenty of time to conduct discovery absent a formal scheduling order, but unquestionably failed to do so.
Alternatively, the Bar suggests to this Court to assume, arguendo, that appellant's assertion is accurate; that is, he never received notice that the hearing date was being proposed or had been set for April 4, 1988. The Bar points out that there is no question that appellant did in fact receive both the Default Judgment and the Opinion and Judgment, respectively, dated May 6, 1988, because on June 6, 1988, appellant filed his Notice of Appeal with the Clerk of this Court. Nevertheless, appellant offered no Motion to Set Aside the Default Judgment pursuant to Rule 55(c) of the Mississippi Rules of Civil Procedure, nor was a motion filed seeking relief pursuant to Rule 60 of such Rules. By filing either of these motions, appellant could and should have presented his "lack of notice" issue to the Complaint Tribunal which heard and considered the Formal Complaint, thereby making a record for this Court to review. The Bar concludes that appellant has slumbered on whatever rights he had and this case should be affirmed.

Analysis
This Court is disturbed by the fact that the Bar cannot adequately prove that appellant did, indeed, receive one or more of the alleged notices. True, the record contains copies of the letters apparently mailed to appellant, but we cannot be certain that he received same. We affirm this case on other reasoning hereafter, but urge *1366 the Bar to make certain in the future that personal delivery of all notices and other pertinent matters in lawyer discipline cases be unquestionably accomplished.
There is no question that appellant received the Formal Complaint that had been lodged against him with regard to his allegedly neglectful handling of two (2) of his clients' respective divorce proceedings. Proof of this is his Response to Formal Complaint. Therefore, he was on notice that the "wheels of justice" had begun to turn and his level of concern and attention should have reached its highest possible point, particularly in light of the fact that his right to continue to practice law, his livelihood, was being challenged. Yes, a default judgment is a serious matter but so is not taking the proper steps to avoid one.
Appellant chose to represent himself in his own defense and, as such, the most prudent thing that he could have done was to inquire into the status of his case when he allegedly did not hear from the Bar within a reasonable time after he filed his Response to Formal Complaint. Instead, he did nothing. Not until after receiving the Default Judgment did appellant react and even then failed to attempt other measures which the Bar correctly points out could perhaps have resolved his problem of "lack of notice" and "no opportunity to be heard."
After a complete and thorough review of the entire record, including the Findings and Conclusions of the Tribunal, we find that appellant has displayed a distinct pattern of delay, tardiness and denial in the representation of certain clients and throughout his own defense of the matters now before this Court. No error worthy of reversal was found and this case is affirmed. The only question remaining is whether the three-month suspension was too long or not long enough.
II.
Whether the two (2) ninety (90) day suspensions from the practice of law imposed upon Mr. Fougerousse were overly punitive in view of the misconduct involved and his prior record of discipline.
This Court must decide each disciplinary case on its own unique merits. In the case of Mississippi State Bar v. A Mississippi Attorney, 489 So.2d 1081, 1083-84 (Miss. 1986), we announced a list of factors which should be considered when imposing discipline including but not limited to the following:
(A) Nature of the misconduct involved;
(B) Need to deter similar misconduct;
(C) Preservation of dignity and reputation of the legal profession;
(D) Protection of the public; and
(E) Sanctions imposed in similar cases.
Applying these five (5) factors to the case sub judice we find:
First, that the Complaint Tribunal's Opinion and Judgment sufficiently describe the nature of the misconduct admitted by default by appellant.
Second, appellant has neglected three of his client's cases with adverse effects flowing from such neglect. This in itself needs to be deterred in the future and so we agree with the Tribunal Judge when he said:
Apparently he (appellant) needs to realize the seriousness of the situation.
Third, incorporating (C) and (D) jointly, reference is made to The Preamble to the Rules of Professional Conduct which provides that "in all professional functions a lawyer should be competent, prompt and diligent. The record clearly demonstrates that appellant, at least during the period in question, showed a distinct tendency toward disregard of these three qualities.
The last factor deals with what sanctions have been imposed in similar cases. Of course, this Court has authority and responsibility to review this case on a de novo basis by considering the entire record, *1367 the findings and conclusions of the Tribunal and, then, rendering such Orders as this Court deems appropriate. See Levi v. Mississippi State Bar, 436 So.2d 781 (Miss. 1983); K v. Complaints Committee of the Mississippi State Bar, 618 F. Supp. 307 (D.Miss. 1985); Clark v. Mississippi State Bar, 471 So.2d 352 (Miss. 1985).
In keeping with this authority and responsibility, we have reviewed like and similar cases of lawyer discipline and hold that the two 90-day suspensions, to run concurrently, are not overly punitive and are accordingly affirmed.
IT IS, THEREFORE, ORDERED that James J. Fougerousse be suspended from the practice of law within the State of Mississippi for ninety (90) days and that said 90-day suspension period is to begin 30 days after this opinion becomes final. The Clerk of the Supreme Court of Mississippi shall immediately forward to the attorneys of record for the parties herein a copy of this Opinion.
IT IS FURTHER ORDERED
1. That the Clerk of the Supreme Court of Mississippi shall forward an attested copy to the Judges of the Circuit, Chancery and County Courts of Hinds County, Mississippi;
2. That the Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this Opinion to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeal for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;
3. That the Clerk of the Supreme Court of Mississippi shall forward an attested copy of same to the Executive Director of the Mississippi State Bar and to the original complaining parties herein, (Count One) Paul Churchman, 6477 Oak Tree Drive, Jackson, MS 39213, and (Count Two) Johnnie Sue Cauthen, 128 Oak Street, Florence, MS;
4. That the appellant, James J. Fougerousse, is hereby ordered, if he has not done so by the date this Opinion is made final, to make restitution to the original complaining parties in this matter, as follows: (a) pay Paul Churchman in the amount of $300, together with 8% interest per annum from and after the date the appellant received said $300 from Mr. Churchman, that being in or about February 1986 to the date said amount is paid; and (b) to Johnnie Sue Cauthen in the amount of $185 plus 8% per annum from the dates as set forth in this paragraph. Such restitution is to be made by delivering to the counsel for each respective complainant a cashier's check or money order made payable to a) Paul Churchman in the amount of $300 plus interest calculated at the rate of 8% per annum from the date such amount was paid to the appellant by Churchman to the date said amount is paid; and b) to Johnnie Sue Cauthen in the amount of $185 plus 8% per annum from the dates as set forth in this paragraph.
5. That appellant, James J. Fougerousse, beginning thirty (30) days after this Opinion becomes final, is suspended from the practice of law in the State of Mississippi, from holding himself out as an attorney-at-law, from performing any legal services for others, from accepting any fee directly or indirectly for legal services performed for others, from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any Mississippi administrative body or agency, from holding himself out to others, or using his name, in any manner, in conjunction with the words "attorney-at-law," "attorney," "counselor-at-law," "counselor," or "lawyer" for the period of his suspension;
6. That the appellant, James J. Fougerousse, is to notify each of his current clients, in writing, within ten (10) days after the effective date of his suspension, and his consequent inability to act as an attorney;
7. That the appellant, James J. Fougerousse, is ordered to return all files, papers, monies and other property belonging to *1368 clients in the possession of the appellant if any client requests the return of same after receiving the notification described in paragraph number 8, above. Said James J. Fougerousse is further ordered to file with the Disciplinary Tribunal and the Mississippi Supreme Court an affidavit stating that all current clients have been notified of his suspension and that all files, papers, monies and other property belonging to such clients and requested by them have been returned as ordered herein and further showing in the cases where it was not possible to notify clients or return their property; that due diligence was used to do so. Such affidavit is to be submitted within thirty (30) days of the effective date of the suspension;
8. That the appellant, James J. Fougerousse, is to notify any attorney for an adverse party in any proceeding in which said appellant is involved and any effected courts and agencies of his suspension and consequent inability to act as an attorney within ten (10) days after the effective date of such suspension. Said appellant is further ordered to file with the Tribunal or the Mississippi Supreme Court an affidavit stating that all attorneys for adverse parties in any proceedings in which said appellant is involved and any affected courts and agencies have been notified of appellant's suspension and consequent inability to act as an attorney. Such affidavit is to be submitted within thirty (30) days of the effective date of the suspension.
The Order of the Complaint Tribunal, dated May 5, 1988, suspending appellant, James J. Fougerousse, from practicing law within the State of Mississippi for ninety (90) days is affirmed as modified, and Appellant is taxed with all costs of this appeal.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.