534 So.2d 218 (1988)
MISSISSIPPI STATE BAR
v.
Rallie C. EDWINS.
No. CM-308.
Supreme Court of Mississippi.
November 16, 1988.
Michael B. Martz, Jackson, for appellant.
Rallie C. Edwins, Bay St. Louis, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:
This matter is before the Court on the formal complaint of the Mississippi State Bar that Rallie C. Edwins, a resident of Hancock County and a member of the Mississippi State Bar, has been guilty of unprofessional and unethical conduct for *219 which he should be disciplined. MSB's complaint is parasitic upon bar disciplinary proceedings in the State of Louisiana wherein Edwins' license to practice has been suspended for two years, a matter arising out of his handling of two Workers' Compensation claims. See Louisiana State Bar Association v. Edwins, 519 So.2d 93 (La. 1988).
The first of the Louisiana complaints arose out of Edwins' 1983 representation of Ernest Jefferson in a Workers' Compensation case. In that matter the Supreme Court of Louisiana held that Edwins had rendered an inaccurate and incomplete accounting of the disbursement of settlement funds in violation of DR 9-102(B)(3) and (4).[1] This conduct was also found a violation of DR 1-102(A)(1), (2), (5) and (6) which provide generally that a lawyer shall not violate a disciplinary rule, circumvent a disciplinary rule through the act of another, engage in conduct that is prejudicial to the administration of justice, or engage in any other conduct that would adversely reflect on his fitness to practice law.
Also in 1983, Edwins represented Clarence Wilson, Jr., in a Workers' Compensation matter and out of that representation the Louisiana Supreme Court found several additional violations. These include a finding that Edwins failed to render a proper accounting of funds in violation of DR 9-102(B)(3) and that Edwins charged a fee in excess of the amount permitted under the Workers' Compensation statute in violation of DR 2-106(A). Moreover, Edwins permitted the commingling of his clients' funds with his own in violation of DR 9-102.
The details of these matters are set forth in the Louisiana Supreme Court's opinion in this matter and need not be repeated here.
MSB's complaint against Edwins calls into play Rule 13 of the Rules of Discipline for the Mississippi State Bar. That rule provides as follows:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceedings in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction. [Emphasis supplied]
A formally certified copy of the final decision of the Supreme Court of Louisiana, released January 18, 1988, has been filed with the Clerk of this Court. This is sufficient that Rule 13 be activated. Notwithstanding Edwins' protestations to the contrary, we regard the findings of the Supreme Court of Louisiana conclusive evidence of Edwins' guilt of the offenses charged. See Mississippi State Bar v. Young, 509 So.2d 210, 217 (Miss. 1987). Moreover, there appears no suggestion that Edwins received less than full due process in Louisiana.
In this state of the matter, the sole issue for our determination "shall be the extent of the final discipline" which we ought impose. We note that Edwins is not a first offender. He has been suspended in Louisiana for thirty days for making cash advances to a client and for ninety for soliciting employment. See Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La. 1976); Louisiana State Bar Association v. Edwins, 519 So.2d at 102 n. 27.
The Supreme Court of Louisiana imposed discipline in the form of a two year suspension of Edwins' license to practice law. While we are not bound by this disposition, *220 we regard it as persuasive. See Mississippi State Bar v. Young, 509 So.2d at 219. We believe a like disposition is appropriate on the present complaint.
By reason of the foregoing, it is ordered and adjudged that Rallie C. Edwins' license to practice law in the State of Mississippi shall be, and it hereby is, suspended for a period of two (2) years from this date.
RESPONDENT ORDERED SUSPENDED FOR TWO (2) YEARS FROM PRACTICE OF LAW
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] In 1983, the year of Edwins' conduct complained of here, our Rules of Discipline were essentially the same as Louisiana's. MSB's complaint, of course, is brought under the rules extant at that time. Nothing said here implicates our new Rules of Professional Conduct which went into effect on July 1, 1987.