577 So.2d 1249 (1991)
MISSISSIPPI STATE BAR
v.
Davis Hall SMITH.
No. 90-BA-0443.
Supreme Court of Mississippi.
April 3, 1991.
*1250 Michael B. Martz, Jackson, for appellant.
James A. Becker, Jr., Myles A. Parker, Watkins & Eager, Jackson, for appellee.
EN BANC.
SULLIVAN, Justice, for the Court:
The Mississippi State Bar filed a Formal Complaint against attorney Davis Hall Smith on April 28, 1989 for alleged violation of certain disciplinary rules of the Code of Professional Responsibility and the oath of attorneys. Smith waived a hearing on the Complaint since he saw no point in "unnecessarily taking up everybody's time."
The Bar filed a Motion for Judgment on the Pleadings or Summary Judgment. On January 9, 1990, the Complaint Tribunal entered an Order sustaining the Motion. The Tribunal found that Smith's conduct was in violation of DR1-102(A) (1, 3, 4, 5 and 6), DR6-101(A)(1), DR7-102(A) (3, 4, 5, 6, 7 and 8), and DR9-102(A) of the Code of Professional Responsibility and Section 73-3-35 of the Mississippi Code of 1972, the oath of attorneys. The Tribunal ordered that Smith be issued a public reprimand. The Bar appeals the punishment contending that Smith's conduct in violating thirteen disciplinary rules and his oath as an attorney warrants a lengthy suspension or disbarment.

FACTS
In August of 1985, Bertha Delaney died as a result of injuries sustained in an automobile accident. She was survived by her children: Eva Delaney Gibson, Debbie Marie Clayton, Willie Earl Delaney, and Deborah Delaney.
Eva Gibson filed a Petition for Letters of Administration on February 19, 1986 asking that she be allowed to administer the estate of her mother. The estate included a claim for unliquidated damages for the alleged wrongful death of the decedent. Davis Hall Smith was retained by Eva to represent her and the other beneficiaries in this matter.
Eva was appointed administratrix of the estate. As administratrix, she was authorized to settle the wrongful death claim. She was also required to post bond in the sum of $10,000.00.
On February 20, 1986, Eva requested authorization to be allowed to settle the wrongful death claim for $80,300.00 on behalf of the beneficiaries of her mother's estate. She also asked to be allowed to execute a release of the alleged tort-feasors.
The Chancellor entered a Decree that same day approving the settlement. The terms of the Decree required that the money be deposited in an interest bearing account at the Rankin County Bank in Brandon, Mississippi no later than 5:00 p.m. on February 21, 1986. The money was not to be disbursed until further order of court. A certified copy of the Decree was to be furnished to the Bank and its receipt acknowledged by an officer of the Bank.
Also filed with the court was a Petition for Approval of Payment of Attorneys Fees in the amount of $26,766.66. The court approved payment of the fees and allowed $1,000.00 to be paid in funeral expenses.
On March 20, 1986, Smith filed with the court an Acknowledgment of Receipt of the *1251 Decree. The document was supposedly executed by "C. Dennon Brannon", Vice-President of the Rankin County Bank of Rankin County, Mississippi. The document acknowledged that Mr. Brannon had received the deposit on February 21, 1986 in the amount of $80,300.00. The document was notarized by Dora Y. Smith.
That same day, the court was petitioned to disburse the proceeds of the settlement to the beneficiaries. The balance of the account after deduction of attorneys fees and funeral expenses was given as $52,752.20, including interest. The Petition requested that $13,188.05 be distributed to each of the four beneficiaries. No decree was entered granting the request and the estate remained open.
Two years later, on March 28, 1988, the court entered an Order to Show Cause in the estate of Bertha Delaney. Eva was ordered to appear before the court and show why she had not filed an accounting in the estate with the court. Eva prepared her First Annual Accounting and filed it with the court on August 2, 1988. She said she would show that she had disbursed the money with $13,133.32 going to each beneficiary after deductions. As a result of this document, Chancellor Edward Cortright and the Western Surety Company which held the bond for Eva notified the Mississippi State Bar that Smith had allegedly engaged in unprofessional and unethical conduct.
The Bar conducted an investigation which revealed that Smith had disbursed the money to the beneficiaries without receiving permission from the court to do so. In addition, an affidavit executed by C. Dennon Barron, the Vice-President of Trustmark National Bank in Brandon, formerly the Rankin County Bank, revealed that he had not signed the document which was filed with the court. The affidavit further revealed that the bank did not have an account in the names of Eva Gibson, Deborah Delaney, Deborah Clayton, or Willie Delaney. Instead, the money was deposited in an account styled "Davis H. Smith, Attorney at Law." Several checks had been drawn on this account on March 20, 1986. The amounts of $13,133.32 were paid to Deborah Delaney and Deborah Clayton. A check of $12,000.00 was paid to Eva and Willie received $1,333.32 on that date.
Although Smith admitted to the alleged wrongful conduct, he justified his conduct by saying that his clients were angry that Smith would receive his attorneys fees from the settlement but they would not receive their money. Smith also admitted that he had filed a false acknowledgment with the court showing that the money had been deposited as ordered by the court. He tried to minimize this conduct by saying that the acknowledgment had used the pseudonym "C. Dennon Brannon" rather than the actual name of the Vice-President of the Bank, "C. Dennon Barron."

LAW
We conduct de novo review in a bar disciplinary matter which necessarily includes a review of the sanctions imposed. Hoffman v. Ms State Bar Association, 508 So.2d 1120, 1124 (Miss. 1987); Myers v. Mississippi State Bar, 480 So.2d 1080, 1089 (Miss. 1985). Deference is accorded the findings of the Complaint Tribunal but this Court "has the non-delegable duty of ultimately satisfying itself as to the facts, and reaching such conclusions and making such judgments as it considers appropriate and just." Mississippi State Bar v. Varnado, 557 So.2d 558, 559 (Miss. 1990).
In determining the sanctions to be imposed for misconduct by an attorney, five factors are to be considered. They are:
(1) the nature of misconduct,
(2) the need to deter similar misconduct,
(3) preservation of the dignity and reputation of the profession,
(4) protection of the public and
(5) sanctions imposed in similar cases.
Steighner v. Mississippi State Bar, 548 So.2d 1294, 1297-1298 (Miss. 1989). See also Mississippi State Bar Association v. A Mississippi Attorney, 489 So.2d 1081, 1083 (Miss. 1986).
*1252 Sanctions are imposed for three reasons. First, sanctions serve as punishment for the misconduct. Secondly, they act as a deterrence for future misconduct. Lastly, sanctions protect public confidence in the integrity of the Bar. Pitts v. Mississippi State Bar Association, 462 So.2d 340, 343 (Miss. 1985). The primary purpose of sanctions, though, is "to vindicate in the eyes of the public the overall reputation of the bar." Mississippi State Bar Association v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986).
Where an attorney has offered proof of extenuating circumstances, we have allowed some leniency since we are "[m]indful that justice untempered by mercy may be unduly harsh... ." Vining v. Mississippi State Bar Association, 508 So.2d 1047, 1049 (Miss. 1987) (Punishment reduced because of extenuating circumstances based on health conditions and a distressing personal matter). The fact that an attorney has no previous ethical violations is not an especially strong mitigating factor "since it consists in the mere absence of a certain aggravating factor." Foote v. Mississippi State Bar Association, 517 So.2d 561, 565 (Miss. 1987).
Smith contends that his conduct should not be punished any more severely because his wrongful actions were intended to benefit his clients rather than harm them. He believes we should grant him leniency since the violations committed by him involved no personal gain or client deception.
The Bar, on the other hand, argues that stricter sanctions should be imposed because Smith's conduct was intentional in nature and no mitigating circumstances have been presented. The Bar also finds disturbing the fact that Smith tries to rationalize his conduct.
A case similar to the present case is Pitts v. Mississippi State Bar Association, 462 So.2d 340 (Miss. 1985). There, Pitts was found guilty of violating many of the same disciplinary rules of which Smith is guilty. The conduct which gave rise to the action in Pitts occurred when Pitts was ordered by the court to put some insurance proceeds which had been awarded to a client of his into a savings account at the Home Federal Savings and Loan Association of Meridian. Pitts put the money in his trust account instead.
For nine years, Pitts failed to file an annual accounting with the court. During that time period, his client tried to get the status of the account from Pitts. On each occasion, Pitts assured him that everything was all right. In addition, when the chancellor tried to get Pitts to file an accounting during those years, he was assured by Pitts that the money was deposited.
The Complaint Tribunal imposed a one hundred and eighty day suspension on Pitts for his misconduct. Pitts argued that his lack of intent to defraud his client should weigh in his favor. On appeal, we reduced the punishment to a thirty day suspension and a public reprimand.
Although the facts in Pitts are similar to those in this case, Smith's conduct is more egregious than was Pitts'. Smith not only disobeyed the court, he admittedly falsified an acknowledgment. Pitts was given a thirty day suspension and a public reprimand for deceiving his client and the court. Smith is given only a public reprimand for disobeying the court and perpetrating fraud upon the court.
Smith's conduct requires more than a public reprimand. He went to great lengths to deceive the court and then attempted to rationalize his wrongful conduct. As we have said, integrity is one of the hallmarks of an attorney and dishonest conduct reflects adversely on an attorney's fitness to practice law. Brumfield v. Mississippi State Bar Association, 497 So.2d 800 (Miss. 1986).
Rule 8 of the Rules of Discipline for the Mississippi State Bar allows an attorney to be suspended with probation for a fixed period of time. The procedures under Rule 12 state that "it shall be the duty of the complaints committee to monitor such suspensions with probation." Smith's misconduct, consisting of disobeying the court and deceiving the court by filing a false acknowledgment, deserves more than a public *1253 reprimand. We hereby order that Smith be suspended from practice for sixty (60) days and upon reinstatement to the Bar, remain on probation for a period of one-hundred and eighty (180) days.
COMPLAINT TRIBUNAL'S FINDING FOR DISCIPLINARY ACTION AFFIRMED; COMPLAINT TRIBUNAL'S PUBLIC REPRIMAND REVERSED, AND SIXTY-DAY SUSPENSION AND ONE-HUNDRED AND EIGHTY DAY PROBATION UPON REINSTATEMENT IMPOSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without opinion.