601 So.2d 851 (1992)
Terry M. HAIMES
v.
MISSISSIPPI BAR.
No. 91-BA-191.
Supreme Court of Mississippi.
June 3, 1992.
Rehearing Denied July 1, 1992.
*852 Paul M. Neville, Jackson, Terry M. Haimes, Louisville, for appellant.
Charles J. Mikhail, Jackson, for appellee.
En Banc.
McRAE, Justice, for the Court:
The Mississippi Bar ("the Bar") initiated these proceedings against attorney Terry M. Haimes for the alleged misappropriation of client funds. The Complaint Tribunal granted summary judgment in favor of the Bar and ordered disbarment. Haimes appeals to this Court on the following grounds:
I. The proceedings before the Tribunal were tainted with bias against Haimes on the part of one or more of the Tribunal members.
II. The Tribunal improperly considered Haimes prior suspension as an aggravating circumstance.
III. Summary judgment was not appropriate since a genuine issue of material fact exists concerning whether Haimes was acting in the capacity of an attorney when the alleged misappropriation occurred.
Having carefully reviewed the record de novo, we affirm the judgment of the tribunal.

FACTS
On June 30, 1973, Haimes was appointed guardian of Newton Felix Warner, non compos mentis. Haimes handled all of Warner's affairs over the course of the next fifteen years. For his services, Haimes received sums averaging about $700 to $800 dollars a year in what the annual accounting decrees referred to as guardian's fees and attorney's fees.
On August 1, 1986, Haimes withdrew $55,000 from a guardianship account at Sunburst Bank without court approval and deposited the money in another guardianship account at Unifirst Bank for Savings. He then transferred $5,000 from the Unifirst guardianship account to a personal account entitled "Terry Haimes Farm" at Eastover Bank for Savings. Shortly thereafter, he withdrew the $5,000 in cash and used it at the Neshoba County Fair in connection with activities of the Mississippi Harness Racing Association, a group of which he was executive secretary. The record indicates that Haimes maintained little or no records of the transaction or of the association's finances.
In July and September, 1987, Haimes withdrew a total of $1,600 from the guardianship account at Unifirst without court approval. He paid the money to himself, purportedly as "fees" for services rendered in connection with the guardianship.
James C. Mayo of Louisville, Mississippi, acting as guardian ad litem for Newton Felix Warner, filed a civil action in the *853 Chancery Court of Winston County seeking to have Haimes removed as guardian and to require Haimes to make restitution for the unauthorized disbursements. On August 25, 1988, the Chancery Court entered a decree removing Haimes as guardian and assessing penalties and sanctions for negligence and nonfeasance. Haimes subsequently repaid the unauthorized disbursements with interest.
Haimes does not dispute the foregoing facts. He insists, however, that the $5000 paid to the Mississippi Harness Racing Association was a "loan" from the guardianship.

PROCEEDINGS BELOW
The Bar filed its complaint on April 25, 1989, alleging that Haimes had violated Rules 1.1, 1.3, 1.15(a and b), 1.8(a) and 8.4(a, c and d) of the Rules of Professional Conduct; DR1-102(A)(1, 4, 5 and 6), DR5-104(A), DR6-101(A)(1 and 3), DR7-101(A)(1, 2, and 3), and DR9-102(A) and (B)(2, 3 and 4) of the Code of Professional Responsibility; and the attorney's oath set out in Miss. Code Ann. § 73-3-35. Following discovery, the Bar moved for summary judgment on September 12, 1989. The Complaint Tribunal conducted a summary judgment hearing on December 18, 1989, and sustained the motion.
Haimes filed a motion on September 13, 1990, requesting a hearing on the issue of what type of discipline should be imposed. The Tribunal granted the motion and conducted a hearing on December 17, 1990, at which it received evidence of mitigating and aggravating circumstances. As evidence in mitigation, Haimes testified that he was encountering business and marriage difficulties in the mid-to-late 1980's. As evidence of aggravating circumstances, the Bar introduced evidence of a prior disciplinary proceeding in which Haimes received a six-month suspension for commingling a client's funds with his own during the course of a fee dispute. At the close of the hearing, the Tribunal found:
[I]t is the unanimous opinion of the Tribunal that the aggravating circumstance surrounding the matter in question is such that the mitigating circumstances that have been offered are totally and completely insufficient to overcome the matters of aggravation. It is, therefore, the opinion and unanimous opinion of the Tribunal that the appropriate discipline to be imposed in this matter is disbarment.

LAW

I. WAS THE TRIBUNAL PERMITTED TO CONSIDER HAIMES' PRIOR SUSPENSION AS AN AGGRAVATING CIRCUMSTANCE?
On October 25, 1988, Haimes was suspended from the practice of law for six months on grounds that he had commingled a client's funds with his own without advising the client. Purportedly, Haimes appropriated the funds in payment of a fee which the client owned him. In July of 1989, Haimes filed a petition seeking reinstatement on two grounds: First, he alleged that the six months had expired and that he had complied with all conditions incident to the suspension; secondly, he sought reconsideration of the original suspension order on grounds that, subsequent to the suspension, an arbitrator had settled in Haimes favor the dispute between Haimes and his client regarding the appropriated funds. This Court reinstated Haimes on grounds that the suspension period had expired. The Court declined to reconsider the original suspension order, however, stating:
We note particularly that, following the judgment of suspension of October 25, 1988, Haimes took no appeal to this Court. Moreover, the arbitration award, accepting arguendo Haimes' interpretation of it, hardly eviscerates the Tribunal's finding that Haimes failed to preserve the identity of client funds by placing them in an identifiable trust account.
Haimes v. Mississippi State Bar, 551 So.2d 910, 913 (Miss. 1989).
It is well settled that a complaint tribunal may consider prior disciplinary offenses of the attorney as an aggravating factor when deciding what type and degree of *854 discipline to impose. See Culpepper v. Mississippi State Bar, 588 So.2d 413, 421 (Miss. 1991); see also Mississippi State Bar v. Smith, 577 So.2d 1249, 1251 (Miss. 1991); Foote v. Mississippi State Bar Ass'n, 517 So.2d 561, 565 (Miss. 1987); ABA, Standards for Imposing Lawyer Sanctions, Std. 9.22(a) (1986). There is no reason to depart from the established rule in the present case, particularly since the latest offense is of the same character as the earlier one. Haimes has now twice committed the cardinal sin  mishandling a client's money. He apparently learned nothing from the six-month suspension imposed in 1988. A more severe penalty is definitely in order for this second offense.
Haimes fervently contends that the guardianship money he transferred to the racing association by way of his personal bank account was merely a "loan." In so arguing, Haimes demonstrates his utter insensibility to our rules of professional conduct. An attorney must not comingle a client's funds with his own, regardless of motive. When a lawyer mixes a client's money with his own, an appearance of gross impropriety arises even if the transaction is otherwise benign. The primary purpose of disciplinary action is to vindicate the reputation of the bar in the eyes of the public, not to punish an attorney's misdeeds. See Smith, 577 So.2d at 1252; Mississippi State Bar v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986); see also Phillips v. Mississippi State Bar, 427 So.2d 1380, 1382 (Miss. 1983). Haimes' misconduct has besmirched the reputation of the legal profession. His disbarment may help to cleanse that stain.

II. WERE THE PROCEEDINGS BEFORE THE TRIBUNAL TAINTED WITH BIAS AGAINST HAIMES ON THE PART OF ONE OR MORE OF THE TRIBUNAL MEMBERS?
Two of the members of the Tribunal below also served on the Tribunal which ordered Haimes' 1988 suspension. Haimes argues that the Tribunal's personal knowledge of the prior proceedings prejudiced them against him in the instant proceeding. According to the view Haimes expresses in his brief, the two Tribunal members in question "felt they must somehow justify their prior ruling in the present case."
There is no rule of law stating that a tribunal member (or any other judicial official) cannot hear successive cases against the same party. If this were so, a repeat criminal offender could not be tried in the same court twice. The argument is utterly specious.

III. DID A GENUINE ISSUE OF FACT EXISTS CONCERNING WHETHER HAIMES WAS ACTING IN THE CAPACITY OF AN ATTORNEY WHEN THE ALLEGED MISAPPROPRIATION OCCURRED, AND IF SO, WAS THE FACT MATERIAL?
Haimes argues in his brief that "no attorney/client relationship existed between Mr. Haimes and the ward" and that "he served strictly as guardian." Haimes further contends that his duties as guardian did not involve the practice of law.
Despite Haimes' contentions, the record is replete with petitions and decrees prepared and signed by Haimes on behalf of the guardianship. Moreover, the annual accountings filed in Chancery Court all include requests for attorney's fees. In the First Annual Accounting, for example, Haimes prays for "a reasonable fee as compensation as Attorney Guardian." The Decree Approving First Annual Accounting, a document presumably prepared by Haimes, provides that "Terry M Haimes, Attorney Guardian, be and he is hereby allowed the sum of $310.10, as attorney fee for services rendered." In the Second Annual Accounting, Haimes "prays that he be authorized to pay himself a reasonable attorney's fee for legal services rendered since June 1, 1974." The decree approving the second annual accounting awards "Terry M. Haines a fee of $1,400.00 for his legal services rendered during the period of this second annual accounting." All succeeding accountings and decrees contain the same or similar language.
Haimes either provided legal services to the guardianship or else he did not. He *855 cannot have it both ways. Haimes represented in his annual accountings that he was entitled to fees for legal services rendered. The chancery decrees approve the requests and thus, in effect, embody findings of fact that Haimes served as both guardian and attorney. In Smith v. Smith, 52 So.2d 1 (Miss. 1951), this Court said:
The sworn allegations of a bill by which a litigant seeks to move a court to its relief may not be lightly disavowed by affiant when, in another proceeding, its recitals rise to plague him in an inconsistent course. Indeed, in the absence of special circumstances or explanation, a court has the right, if not the duty, to hold a litigant to the position which he takes in seeking its aid and, by assuming in his behalf utter good faith in the first instance, to reproduce such assumption later, even to his hurt. Certainly, insincerity or bad faith may never be pleaded in a tribunal which demands the contrary.
Smith, 52 So.2d at 6.
Haimes will not be heard to assert that he did not serve the guardianship in the capacity of an attorney.
Even if no attorney-client relationship had existed between Haimes and his ward or between Haimes and the guardianship, his conduct would still be subject to discipline. The Preamble to the Rules of Discipline for the State Bar states:
It is the duty of every ... [licensed attorney] to conduct himself at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for the privilege of practicing law. Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Attorney's Oath of Office or the Code of Professional Responsibility... shall constitute misconduct and shall be grounds for discipline whether or not the acts or omissions occurred in the course of an attorney-client relationship.

(emphasis added).
In Reid v. Mississippi State Bar, 586 So.2d 786 (Miss. 1991), this Court observed:
There can be no legal profession in the absence of scrupulous honesty by attorneys with other people's money. Public confidence here is vital. There may be worse sins, but the ultimate wrong of a lawyer to his profession is to divert clients' and third parties' funds entrusted to him to an unauthorized use. A lawyer guilty of such conduct exhibits a character trait totally at odds with the purposes, ideals and objectives of our profession.
If creditors are hounding a lawyer, he can take bankruptcy. If he is hungry, he can go to the Salvation Army. But mishandling other peoples' money is a thought he should never entertain.
Reid, 586 So.2d at 788.
Haimes' conduct would thus be worthy of reproach even in the absence of an attorney/client relationship. His having represented himself as an attorney for the guardianship of Felix Warner renders his deeds all the more reprehensible.

CONCLUSION
None of Haimes' assignments of error have merit. The record fully supports the findings of the tribunal as well as the discipline imposed. Accordingly, we hereby affirm the judgment of the Complaint Tribunal and order the disbarment of Terry M. Haimes from the practice of law.
DISBARMENT ORDERED OF TERRY M. HAIMES FROM PRACTICE OF LAW IN THE STATE OF MISSISSIPPI EFFECTIVE JUNE 3, 1992; ALL COSTS AND EXPENSES ARE TAXED AGAINST THE APPELLANT.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
BANKS, J., not participating.