601 So.2d 840 (1992)
MISSISSIPPI BAR
v.
Attorney Berney STRAUSS.
No. 91-BA-0016.
Supreme Court of Mississippi.
June 3, 1992.
Dissenting Opinion June 17, 1992.
Michael B. Martz, Jackson, for petitioner.
Dannye L. Hunter, Jackson, John W. Christopher, Ridgeland, for respondent.
En Banc.
Dissenting Opinion by Justice McRae June 17, 1992.

ON PETITION FOR REHEARING
PRATHER, Justice, for the Court:
The original opinion issued on October 16, 1991, is withdrawn and this opinion is substituted therefor. This case is a reciprocal disciplinary proceeding against an attorney which raises a procedural question. *841 The issue presented is whether the "sanction" of suspension imposed by a court in a foreign jurisdiction invokes Rule 6 of the Rules of Discipline for the Mississippi State Bar such that the matter should be presented directly to this Court rather than being presented to a Complaint Tribunal.
The Mississippi Bar (the Bar) filed a Formal Complaint against Attorney Berney Strauss pursuant to Rules 6 and 13, Rules of Discipline for the Bar, (1984), seeking the imposition of reciprocal discipline with the discipline imposed by the United States District Court in Louisiana, where Strauss is also licensed, plus costs of this action. Strauss has admitted the behavior for which the federal court in Louisiana has imposed sanctions. The question on this petition for rehearing is whether a sanction may be imposed directly by this Court under Rules 6 and 13 or whether this Court must refer the issue to a Complaint Tribunal for recommendation to this Court, under Rule 13.1.

I. Procedural History
On April 9, 1990, the United States District Court for the Eastern District of Louisiana suspended Strauss from the practice of law before that court for a period of three (3) years for violating local rules proscribing forum shopping.[1] For the purposes of this opinion, the specific instances of conduct are not detailed as Strauss has admitted that behavior.
On November 16, 1990, after the three year suspension was imposed for the incidents above, the United States Attorney for the Eastern District of Louisiana filed a Motion for Criminal Contempt against Strauss, alleging Strauss had violated the U.S. District Court's Local Rule, the Louisiana State Bar Association's Rules of Professional Conduct 5.5, 5.4, 8.4, and the Louisiana Revised Statute Title 37, Sections 212 and 213[2].
On March 20, 1991, a United States District Court Judge for the Eastern District of Louisiana, after a trial on the matter, *842 entered an order finding Strauss guilty of criminal contempt in violation of the provisions of Title 18, United States Code, Section 401(3). The Order directed that Strauss be placed on active probation for a period of two (2) years, perform 600 hours of community service of a non-legal nature, and continue to participate in a mental health program subject to the approval to the United States Probation Officer, and to pay to the United States a special assessment of $10.00. Strauss has appealed the judgment of criminal contempt to the United States Fifth Circuit Court of Appeals.

II. Louisiana Bar Proceedings
In disciplinary proceedings before the Louisiana Bar, Strauss admitted this intentional violation of the local rules of the federal court. He contended that because there was no concomitant rule in the state courts, and therefore no violation of a state rule, he should not be disciplined by the Louisiana Bar. He also, in mitigation, said that he had previously suffered from a temporary mental illness which had been brought under control through medication. The Louisiana Bar entered an "Admonition" against Strauss for his federal court violations suggesting that Strauss's admitted intentional violation of a court rule was mitigated by the lack of a prior disciplinary sanction, the partial mental disability, and the already imposed, severe federal sanction. The Louisiana Bar also noted "[t]here is little likelihood of recurrence and no direct injury to any client or the public in general."

III. Mississippi Bar Proceedings
The Mississippi Bar asked for reciprocal discipline against Berney Strauss in this state on the basis of his suspension by the United States District Court for the Eastern District of Louisiana for forum shopping and resulting suspension. Although other sanctions have been imposed on Strauss, the Mississippi State Bar pleadings addresses only the three years suspension of the federal district court in Louisiana. In his Answer and Affirmative Defenses filed on February 7, 1991, with this Court, Strauss challenged, among other things, the assertion the complaint was filed pursuant to Rule 6, and affirmatively asserted that Rule 6 in no way applied to the facts of this complaint. He further asserted he should not be disciplined under Rule 13 and argued that because the "forum shopping" behavior, in which he admitted participating in the federal court in Louisiana, was not a violation of either the rules of the Mississippi Bar or federal courts in Mississippi, it would not be proper for this Court to impose discipline for conduct which would be legal in this state, nor taxed with the costs.
In October 1991, this Court rendered its original opinion on the complaint of the Mississippi Bar and also appointed a Tribunal under Rule 13 to recommend to this Court a sanction. On October 29, 1991, the Mississippi Bar Counsel filed a Petition for Rehearing suggesting that this case is a Rule 6 case in which this Court may set the sanction without the necessity of the convening of a Tribunal.
While the Petition for Rehearing was pending here, the Tribunal appointed by this Court set its hearing date, and noticed Strauss and his counsel. Without detailing all of the procedural stages, it is sufficient to state that the Complaint Tribunal heard the proof offered from the Bar and defense counsel, and recommended a three year suspension of Strauss from the practice of law in Mississippi. Strauss did not appear before the Tribunal, but has asked for a rehearing. That record of the proceedings in the Tribunal has been forwarded to the Court.

IV. Analysis of the Issues
Miss. Code Ann. § 73-3-341 (1972) and Rule 13 of the Rules of Discipline for the Mississippi State Bar, (1984), provides the basis for imposing reciprocal discipline:
[w]hen an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said *843 sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceedings in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction. (Emphasis added).
The Procedure for filing disciplinary actions under Rule 13.1 provides:
Upon receipt by the Executive Director of a certified copy of disciplinary sanctions imposed in another jurisdiction upon an attorney subject to these rules, the Executive Director shall immediately docket same as a complaint, charge or grievance and shall immediately forward the matter to Complaint Counsel. If such sanctions from the other jurisdiction come within the provisions of Rule 6, Complaint Counsel shall present same to the Court as provided therein. If the sanctions do not come within Rule 6, Complaint Counsel shall prepare and file a Formal Complaint for trial before a Complaint Tribunal wherein the sole issue to be determined shall be the extent of final discipline to be imposed on the attorney in this state, which discipline may be less or more severe than the discipline imposed by the other jurisdiction. (Emphasis added).
Under Miss. Code Ann. § 73-3-341 and Rule 13, a certified copy of disciplinary sanctions from another jurisdiction "is `conclusive evidence' of the attorney's guilt of the offense," Mississippi State Bar v. Young, 509 So.2d 210, 217 (Miss. 1987), and provides grounds for disciplinary action in this state. The Court interprets the suspension of the United States District Court for the Eastern Division of Louisiana as an appropriate other "jurisdiction" from which to consider reciprocal disciplinary action in this state. The sole issue in this state "`shall be the extent of the final discipline' which we ought impose." Mississippi State Bar v. Edwins, 534 So.2d 218, 219 (Miss. 1988); Miss. Code Ann. § 73-3-341 (1972); Rule 13, Rules of Discipline for the Mississippi State Bar, (1984).
The procedure set forth for Rule 13.1 allows for the sanctions from the other jurisdiction to be presented by the Complaint Counsel directly to the Court if such sanctions "come within the provisions of Rule 6... ." (Emphasis added). However, if the sanctions imposed by the other jurisdiction do not come within Rule 6, the procedure under Rule 13 directs the Complaint Counsel to "prepare and file a Formal Complaint for trial before a Complaint Tribunal wherein the sole issue to be determined shall be the extent of final discipline to be imposed... ." Rule 13.1, Rules of Discipline for the Mississippi State Bar, (1984).
Rule 6 provides:
Rule 6. Suspensions and Disbarments Based on Other Proceedings
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law. (Emphasis added).
The "sanction" imposed upon Strauss by the Eastern District of Louisiana was a three year suspension from practice before that court.[3] The Bar argues that the federal court suspension gives rise to the imposition of sanction in Mississippi under Rules 6 and 13, submitting that the determining issue is the "type of sanction *844 imposed" in the other jurisdiction. The Bar contends that since the federal court imposed a suspension, a sanction which "come[s] within the provisions of Rule 6," no Complaint Tribunal need be convened under Rule 13.1. This Court, suggests the Bar, should decide this case.
This case has pinpointed an ambiguity within the Mississippi Rules of Discipline. Rule 13 states that when a Mississippi licensed attorney is subjected to discipline in another jurisdiction, the "sanction" imposed in the other jurisdiction is ground for a disciplinary action in this state. Rule 13.1 sets forth the procedure to be followed, again, using the term "sanction" from the other jurisdiction. The rule provides if the "sanction" comes within the provision of Mississippi Disciplinary Rule 6, which rule is entitled "Suspensions and Disbarments Based on Other Proceedings" and deals exclusively with sanctions of suspension and disbarment, then the Bar Counsel shall present the complaint directly to the Supreme Court as Rule 6 provides. Otherwise, if the "sanction" does not come within Rule 6, then a Tribunal is convened to recommend to the Supreme Court a "discipline" on the attorney. However the text of Rule 6 deals with convictions of felonies or certain misdemeanors which are not present here, but the violations of a local court rule.
The procedures of both Rules 6 and 13 have been followed. In the first instance, this Court referred the issue of sanction to a Tribunal under Rule 13.1 and the Tribunal has made the recommendation of a three year suspension which record is now before the Court. The issue is now before the Court under the procedure of Rule 6. Therefore, no prejudice to Strauss results since both procedures have been followed here.
This Court interprets Rule 13 to mean that when another jurisdiction has imposed on a Mississippi lawyer a sanction of suspension or disbarment, (which are the sanctions "coming under the provisions of Rule 6"), the matter of reciprocal discipline is to be presented directly to this Court and not to a Complaint Tribunal. Edwins, supra; Young, supra. This procedure should be followed in future cases.
Because we see no principled reason for different treatment of suspensions, disbarments and lesser sanctions imposed by another jurisdiction, we hereby modify the procedure of Miss.R. Discipline 13.1 to provide that all requests for discipline based on sanctions imposed by other jurisdictions shall be presented to this Court with the sole issue to be the extent of final discipline to be imposed on the attorney in this state. Since Rule 13 provides that a certified copy of sanctions imposed by another jurisdiction "shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which such sanction was ordered," there is no need for any fact-finding in this state as to the offense. As in Edwins, supra, at page 219, there is no suggestion that Strauss received less than full due process in Louisiana. The lawyer who is subject to reciprocal discipline may respond to the Bar's request for reciprocal discipline and may, at that time, offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court. While this Court will on certification of another jurisdiction's sanctions, take as proven the offense in the other jurisdiction, this Court has the authority to impose sanctions which are more or less severe than those imposed by the other jurisdiction or to impose no sanction at all.

V.
This Court has previously set forth five factors which will be considered in determining appropriate sanctions for misconduct of an attorney, and has also stressed the list is not all-inclusive and other factors may be considered:
(1) Nature of the misconduct involved;
(2) Need to deter similar misconduct;
(3) Preservation of dignity and reputation of the legal profession;
(4) Protection of the public; and
(5) Sanctions imposed in similar cases.
*845 Culpepper v. Mississippi State Bar, 588 So.2d 413, 420 (Miss. 1991); Mississippi State Bar v. Smith, 577 So.2d 1249, 1251 (Miss. 1991); Fougerousse v. Mississippi State Bar Ass'n, 563 So.2d 1363, 1366 (Miss. 1990); Steighner v. Mississippi State Bar Ass'n, 548 So.2d 1294, 1297-98 (Miss. 1989). Sanctions are imposed first, as punishment for the misconduct; second, as a deterrence to future misconduct; and third, to protect public confidence in the bar's integrity. Smith, 577 So.2d at 1252; Pitts v. Mississippi State Bar Ass'n, 462 So.2d 340, 343 (Miss. 1985). The primary purpose, however, is to "vindicate in the eyes of the public the overall reputation of the bar." Mississippi State Bar Ass'n v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986). Mitigating circumstances may be considered, Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1049 (Miss. 1987), as should aggravating factors. Foote v. Mississippi State Bar Ass'n, 517 So.2d 561, 565 (Miss. 1987).
Mindful of the varying and often complex situations requiring evaluation for possible disciplinary action, the American Bar Association's Standards for Imposing Lawyer Sanctions, approved February 1986, provide a framework which may also be helpful in analyzing the type of infraction committed, and the amount and type of discipline which may be imposed. These Standards have been noted in several of this Court's previous opinions. See Mississippi State Bar v. Odom, 566 So.2d 712, 718 (Miss. 1990); Culpepper, 588 So.2d at 420; Foote v. Mississippi State Bar Ass'n, 517 So.2d 561, 564 (Miss. 1987).
This Court, in accordance with Rule 13 and Miss. Code Ann. § 73-3-341 (1972) of the Mississippi Rules of Discipline accepts the certification of Strauss' suspension before the Eastern District of Louisiana as conclusive evidence of the guilt of his violation of the court rule for which the suspension was ordered. The only issue before this Court is the extent of the final discipline to be imposed on Strauss. Mindful that this Court is in no way bound to impose the same sanction as that imposed by another jurisdiction, this Court finds that the knowing, deliberate, repeated violation of the federal court rule constitutes a serious failure of the duty of an attorney to the legal system and that such a violation warrants a serious sanction. Strauss' original egregious conduct was aggravated by his subsequent refusal to abide by the suspension imposed resulting in his being held in contempt of that court. Therefore, this Court imposes three months suspension from practice in this state as an appropriate sanction for violation of the local rule of the federal court to become effective on the date the mandate of this Court issues.

VI.

Should Strauss be taxed with all costs of these actions?
In Matter of Mississippi State Bar, 361 So.2d 503, 506 (Miss. 1978), this Court ordered, adjudged and decreed that the Complaint Tribunal could award unto the Bar the costs and expenses of the action before it. This Court awards to the Bar the cost of the proceedings before the tribunal and the costs and expenses of appeal and assesses the cost against Berney Strauss.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., concurs as to parts I, II, III, and V, and dissents as to part IV.
McRAE, J., dissents with separate written opinion to follow.
McRAE, Justice, dissenting:
Today this Court is suspending Berney Strauss' license to practice law without ever having afforded him a hearing to determine whether he violated a Rule of Professional Conduct. Being loath to join this trampling of Strauss' right to due process, I dissent.
The majority travels under cover of Rule 13 of our Rules of Discipline. Rule 13 states:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, *846 such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction ... shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceedings in this state.
Strauss was suspended from practice before the United States District Court for the Eastern District of Louisiana for violating local forum shopping rules. Subsequently, he was convicted of criminal contempt for practicing law before the eastern district court while suspended. Having received certification of these proceedings from the federal court, the majority transmutes that certification into conclusive proof that Strauss violated the Rules of Professional Conduct. The majority further concludes that the matter is governed in part by Rule 6 and is thus need not be submitted to a Complaint Tribunal. The majority's holding completely misses the point of Disciplinary Rules 6 and 13 and misapplies these rules in several ways.
First, the majority has unduly broadened the scope of Rule 6. Rule 13.1 provides that where a sanction imposed in another jurisdiction "comes under" the provision of Rule 6, then this Court shall consider the matter directly without the aid of a Complaint Tribunal. Looking only to the title of Rule 6, "Suspensions and Disbarments Based on Other Proceedings," the majority concludes that the district court's action was a "suspension or disbarment based on other proceedings" which thus "comes within" the parameters of Rule 6. If only the majority had read the text of Rule 6, it might have detected the nonsense of its interpretation. Rule 6 has nothing to do with "suspensions and disbarments" that happen in other jurisdictions. Rather, it directs this Court to enter suspensions and disbarments when judgments are entered against attorneys in certain criminal or civil proceedings in other courts. When Rule 13.1 refers to "sanctions from other jurisdictions" that "come within the provisions of Rule 6," it is obviously speaking about sanctions which are prompted by criminal convictions or civil judgments of the type described in Rule 6. Rule 6 is therefore irrelevant to the "suspension" entered against Strauss by the district court. Further, Rule 6 does not apply to the Strauss' criminal contempt conviction since the "other" criminal proceedings to which Rule 6 pertains only include felonies and misdemeanors involving fraud, dishonesty, misrepresentation, etc. Since the federal court sanctions against Strauss do not "come within Rule 6," he is entitled to a trial before a Complaint Tribunal.
The majority also misreads Rule 13. The first two clauses in Rule 13 give this Court the power to discipline an attorney who commits an unethical or unprofessional act outside of Mississippi. The attorney, of course, is entitled to a Rule 8 hearing to determine whether he engaged in conduct deserving professional discipline. Rule 13 allows this Court to dispense with a guilt-or-innocence trial in only one situation: where "disciplinary sanctions" have been imposed in "another jurisdiction" and where this Court or the Mississippi Bar receives "certification" of the sanction. In my opinion, the instant case satisfies none of the criteria for dispensing with a guilt-or-innocence hearing.
First, the record does not reflect that Strauss was subjected to "disciplinary sanctions" of the type envisaged by Rule 13. The "Grounds for Discipline" found in the introduction to our Rules of Discipline state that the disciplinary rules apply to "[a]cts or omissions ... which violate the Attorney's Oath of Office or the Code of Professional Responsibility." When the rules speak of "discipline," therefore, it is obvious that the term refers to remedies imposed for violations of the Attorney's Oath or the rules of legal ethics. The sanctions imposed on Strauss by the federal district court involve violations of local court rules and a federal contempt statute, not the rules of ethics and professional responsibility. Accordingly, they are not the kind of "sanctions" contemplated by the Rules of Discipline.
*847 Secondly, the Louisiana federal district court does not qualify as "another jurisdiction" as the term was intended by the drafters of Rule 13. Reading the Rules of Discipline as a whole, it is clear that the term "other jurisdictions" refers to entities which, like this Court, are empowered to judge an attorney's professional and ethical fitness to hold and exercise a license to practice law. A federal district court has the power to say which attorneys shall or shall not practice before it; however, the court cannot touch an attorney's license, nor is it empowered to impose discipline relative to an attorney's violation of state professional responsibility rules. Since the "jurisdiction" which Rule 1 grants to this Court pertains to matters of professional ethics and responsibility, it is only logical that the term "another jurisdiction" refers to an entity empowered to consider similar questions. The body vested with such jurisdiction in the state of Louisiana, of course, is the Louisiana Court in conjunction with the Louisiana State Bar, not the federal courts. It has been suggested that the Louisiana Bar did "admonish" Strauss subsequent to the federal court proceedings. We have no record of the alleged admonition, however, and the Mississippi Bar did not even mention it in its complaint. Consequently, whatever action the Louisiana Bar may have taken in this matter is irrelevant for our purposes. The only "jurisdiction" from which the majority gleans its "conclusive" proof of professional misconduct is the Federal District Court for the Eastern District of Louisiana. Since a federal district court has no power to impose disciplinary sanctions of the type to which the Rules of Discipline pertain, then the Federal District Court for the Eastern District of Louisiana cannot possibly qualify as "another jurisdiction" in which an attorney is "subjected to disciplinary sanctions."
Thirdly, even if the Mississippi Bar had alleged facts concerning the Louisiana State Bar sanctions, the "conclusive evidence" provision in Rule 13 would still not apply since we have received no certification of the sanctions. The certification this Court received from the federal district court proves, at best, that Strauss violated a local court rule and a federal contempt statute. Whether these violations amount to a breach of his ethical and professional responsibilities is an entirely separate question  one that should be addressed in an evidentiary hearing.
In holding that the "conclusive evidence" clause in Rule 13 applies to all certified sanctions of every kind imposed by any judicial entity, the majority has opened a virtual Pandora's box. The suspension imposed upon Strauss by the federal district court concerned a local court rule and had nothing to do with professional ethics. Thus, the penalty was more akin to a sanction imposed for violation of a procedural rule than to a sanction imposed for purposes of bar discipline. Does this mean that, henceforth, an attorney will face automatic bar discipline upon being sanctioned for a discovery violation? For violation of a local state court rule? For violation of a rule of civil procedure? It is noteworthy that Strauss' initial transgression involved the violation of a rule designed to prevent forum shopping. One of the most common forms of "forum shopping" is an attempted removal from state to federal court. When a federal court remands such a case back to state court, the order typically contains the magic language, "wrongfully removed." Under the majority's holding, it appears that we should not automatically discipline attorneys who "wrongfully remove" cases in violation of the applicable federal rule of procedure.
We need not speak of hypotheticals, however, for the pernicious results of the majority's holding are glaringly evident even in the instant case. Having held that the sanctions imposed upon Strauss constitute conclusive proof of unprofessional conduct, the majority deems it unnecessary to afford Strauss a hearing. What rule of professional conduct did Strauss violate? The Bar cites none in its complaint, and the majority refers to none in its opinion. Even if due process did not require a hearing to determine whether Strauss' conduct was unethical or unprofessional (which it most definitely does require), Strauss *848 should at least be informed concerning which rule he has breached. The majority, however, has determined not to furnish Strauss even so small a thread of due process.
I would refer this matter to a Complaint Tribunal for a recommendation concerning whether Strauss violated the Rules of Professional Conduct and, if so, the appropriate discipline.
DAN M. LEE, P.J., joins this opinion.
NOTES
[1] Local Rules of the United States District Court for the Eastern District of Louisiana provide:

LOCAL RULE 2.5 COLLATERAL PROCEEDINGS AND REFILED CASES
Whenever a civil matter commenced in or removed to the Court involves a cause of action or happening that either comprises all or a material part of the subject matter of another action (whether civil or criminal) then pending before this or another Court ...
or previously dismissed by this Court, or that is closely related to another such action either pending or previously dismissed, counsel shall append on a separate sheet of paper, to the front of the complaint, a list and description of all such actions then known to counsel and a brief resume of the relationship. If information concerning any such action or proceeding is obtained subsequent to the filing of original pleading herein, it shall be the duty of counsel obtaining such information to notify the Court and opposing counsel in writing of the information so received in the same manner.
All actions described in the previous paragraph shall be transferred to the section to which the civil matter having the lowest docket number has been allotted ...
If counsel fails to make the certification described above, then the allotted judge may take this action when he learns of the similarity of proceedings.
2.6 DISMISSALS
If an attorney proposes to dismiss a suit with the intention of refiling it, for any reason, he must bring this suit to the attention of the judge of the section to which the suit has been allotted and obtain express leave to refile either in the dismissal order or in a separate order.
[These rules are now found in Rules 1.05, 1.051E, and 1.06 of the local rules.]
[2] Louisiana Revised Statute Title 37, Sections 212 and 213 provide in pertinent part:

Section 212
A. Practice of law means and includes:
(1) In a representative capacity ... the performance of any act in connection with pending or prospective proceedings before any Court of record in this State;
(2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
(b) In behalf of another ... assisting in the drawing or procuring of a paper, document or instrument affecting or relating to secular rights;
(c) the doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right.
Section 213
No natural person, who has not been admitted to practice law ... and no corporation ... except a professional law corporation, shall:
(1) practice law
(2) furnish attorneys or counsel or an attorney and counsel to render legal services.
[3] The Bar submitted, as an aggravating factor to be used in considering the nature of sanction to be imposed by this Court, Strauss' conviction of criminal contempt for violating the terms of the suspension.