699 So.2d 949 (1997)
The MISSISSIPPI BAR
v.
Darnell FELTON.
No. 97-BD-00517-SCT.
Supreme Court of Mississippi.
September 25, 1997.
*950 Michael B. Martz, Jackson, for Appellant.
Darnell Felton, Clarksdale, pro se.
En Banc.
SMITH, Justice, for the Court:
¶ 1. Darnell Felton is accused of unprofessional and unethical conduct and conduct evincing unfitness for the practice of law which constitutes legal grounds for the imposition of discipline. Felton has failed to comply with every order in this case entered by the United States Bankruptcy Court for the Northern District of Mississippi. The Mississippi Bar brings before this Court a formal complaint filed pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar.

FACTS
¶ 2. Darnell Felton is the attorney of record for the debtor in the Chapter 7 case styled In Re: Jones Memorial Day Care Center. On May 9, 1996, the United States trustee filed a motion to examine fees and for other relief. On July 23, 1996, an examination of fees was ordered, directing Felton to file a Chapter 11 final report and any application for compensation and reimbursement of expenses for the Chapter 11 aspect of this case within thirty days from the date of the order. The order also directed Felton to file all Chapter 7 schedules within fifteen days from the date of the order unless the schedules had been previously filed. The order further specified that Felton receive $750 pre-petition from the debtor as retainer, as well as $300 post-petition from estate property.
¶ 3. Felton failed to comply with this order, and on October 2, 1996, Felton was ordered to disgorge interim fees. The bankruptcy court found that Felton failed to file any application for compensation or reimbursement of expenses and that the final deadline for filing such applications had expired. Felton was ordered to pay $1,050 to Alex B. Gates, the Chapter 7 case trustee, by November 1, 1996.
¶ 4. On January 22, 1997, the court denied Felton's motion to dismiss and allowed him until February 1, 1997, to pay the sum, file any application and otherwise comply with the terms of the orders of July 23, 1996, and October 2, 1996.
¶ 5. Felton failed to take any actions whatsoever to comply with any of the court orders. The sum of $1,050 was not paid to the trustee until March 12, 1997. In his answer to the Bar's Formal Complaint, however, Felton does explain why he failed to file the requisite forms. Felton states that he encountered difficulty in obtaining the necessary information from the debtor and that the information he did receive he believed to be incomplete and inaccurate.
¶ 6. On March 19, 1997, the United States Bankruptcy Court for the Northern District of Mississippi issued a Consent Order and Injunction under which Felton was enjoined from the following activities commencing on April 1, 1997:(1) the practice of law before any bankruptcy court in the United States; (2) representing or giving legal advice to any entity concerning the bankruptcy laws of the United States; and (3) any and all acts that could constitute the practice of law on a bankruptcy issue. This injunction does not apply to Felton's representation of himself and does not apply to any case filed prior to April 1, 1997. Felton also agreed to complete eighteen hours of continuing legal education in the area of bankruptcy law. He further agreed to do the following by March 21, 1997:(1) pay to Alex B. Gates, trustee, as disgorgement of attorney's fees paid by the debtor in this case, $1,050; (2) file a final Chapter 11 report in the form previously ordered; (3) file all required schedules for the Chapter 7 aspect of this case; and (4) waive any claim for any money from this estate. The injunction was to continue to March 31, 1999, and terminate on that date provided Felton had complied with the order.
*951 ¶ 7. The Mississippi Bar now requests that Felton be disciplined by this Court as a result of his conduct.

STANDARD OF REVIEW
¶ 8. This Court conducts a de novo review in bar disciplinary matters. Attorney U v. The Mississippi Bar, 678 So.2d 963, 969 (Miss. 1996); The Mississippi Bar v. Alexander, 669 So.2d 40, 41 (Miss. 1996); Mississippi Rules of Discipline Rule 9.4 (1997).
¶ 9. Generally, the burden is on the Bar to show "by clear and convincing evidence that an attorney's actions constitute professional misconduct." Alexander, 669 So.2d at 41 (citing Goodsell v. The Mississippi Bar, 667 So.2d 7 (Miss. 1996)). However, the Bar filed its complaint under the purview of Rule 13 of the Rules of Discipline for the Mississippi State Bar, which provides:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.

Mississippi Rules of Discipline, Rule 13 (1997) (emphasis added). See Miss. Code Ann. § 73-3-341 (1995); Alexander, 669 So.2d at 41; Mississippi State Bar v. Edwins, 534 So.2d 218, 219 (Miss. 1988).

DISCUSSION OF LAW

I. WHETHER DISCIPLINARY ACTION IS TO BE IMPOSED BY THIS COURT AND, IF SO, THE EXTENT OF SUCH DISCIPLINARY ACTION.
¶ 10. This Court contemplates two sets of criteria when determining sanctions for misconduct. See Alexander, 669 So.2d at 42. The first set of criteria considers: "(1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; and, (5) the sanctions imposed in similar cases." Id. (citing Mississippi Bar v. Attorney R., 649 So.2d 820, 824-25 (Miss. 1995)). The second set of criteria considers: "(a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury resulting from the misconduct, and the existence of aggravating or mitigating factors." Alexander, 669 So.2d at 42 (citing ABA Guidelines, Standard 3.0.)
¶ 11. Because the United States Bankruptcy Court for the Northern District of Mississippi has ordered sanctions against Felton, these orders are "conclusive evidence" of his guilt, and the only misconduct this Court is concerned with is Felton's failure to obey three court orders. See Mississippi Rules of Discipline Rule 13 (1997). As this Court noted in Mississippi Bar v. Strauss, 601 So.2d 840, 844 (Miss. 1992), the sole issue to be determined is the extent of final discipline. "There is no need for additional fact-finding." Alexander, 669 So.2d at 42. In Alexander, this Court accepted the district court's suspension of Alexander as "conclusive proof of his guilt of failure to follow court orders and protect his clients' interest" and held that "reciprocal sanctions are in order under Rule 13." Id. The purpose of discipline "is not to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct." Mississippi State Bar Ass'n v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986).
¶ 12. The facts in Alexander are similar to those in the case sub judice. Alexander received a two-year suspension by the United States District Court for the Southern District of Mississippi for failure to comply with court orders to pay sanctions. Alexander, 669 So.2d at 41. The federal suspension was *952 conditional, permitting the conclusion of pending cases, as does the federal suspension in the case at bar. When the Bar filed a formal complaint against Alexander, this Court noted the nature of the federal suspension and, nevertheless, imposed an unconditional six-month suspension from the practice of law in any court in the state. Id. at 42.
¶ 13. A more indefinite suspension was ordered by this Court in In re Lewis, 654 So.2d 1379, 1381 (Miss. 1995). In that case, the public defender in Neshoba County was charged with neglect and inattention to his clients. He was ordered to file briefs and pay fines, which he failed to do. He, like Felton, repeatedly failed to obey court orders. This Court noted that its "present concern is the protection of the citizenry and the dignity of the legal system ..." Id. at 1383. Clayton was suspended from practicing law in the state until further ordered, and his misconduct was referred to the duly-appointed complaints tribunal to be punished according to the Rules of Discipline. Id. at 1385.
¶ 14. Though the sole issue before this Court in cases under Rule 13 is the extent of disciplinary action, this Court has considered the nature of the misconduct in determining its action. In Mathes v. Mississippi Bar, 637 So.2d 840 (Miss. 1994), the Mississippi Bar filed a complaint against Mathes for accepting compensation from bankruptcy clients without having first petitioned the court for approval of the fees as he was required to do by bankruptcy law. Mathes was ordered to return the funds to the trustee. He failed to do so, and the Bar filed a formal complaint against him. Mathes was suspended from practice for one year and appealed that suspension. This Court reduced the suspension to six months, noting the necessity of having attorneys follow court orders and give credence to the dignity of the judicial system. Id. at 847-49. However, this Court explained that because Mathes' misconduct did not victimize his clients, but only the legal system, the one-year suspension was too harsh. Id.
¶ 15. In the case at bar, the misconduct of Felton apparently did "victimize" his clients, as he failed to file the required schedules and to disgorge fees to the trustee. Felton seems to offer, however, in his answer, some explanation of his failure to comply with the court orders, likely in an effort to mitigate his conduct. This Court has held that an attorney "who is subject to reciprocal discipline may ... offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court." Mississippi Bar v. Strauss, 601 So.2d 840, 844 (Miss. 1992). Felton states that he had difficulty in obtaining the necessary information from the debtor and that he believed the information eventually obtained from the debtor was incomplete and inaccurate. Furthermore, Felton states that he made an ore tenus request to withdraw as counsel of the debtor, which was denied. He also explains that because he was under the impression that the Bankruptcy Court was more interested in the immediate filing of the reports, he did not pay the funds immediately.
¶ 16. The Bar, however, offers as aggravation a copy of a letter dated January 3, 1997, imposing an informal admonition on Felton for his misconduct in another case. This Court finds that Felton's repeated disregard of the bankruptcy court's orders, three orders, to be exact, outweighs the mitigating evidence, especially when coupled with the former admonition by the Bar.

CONCLUSION
¶ 17. In accordance with Rule 13 of the Rules of Discipline for the Mississippi State Bar, this Court accepts the United States Bankruptcy Court for the Northern District of Mississippi's suspension of Felton as conclusive proof of his guilt of failure to follow court orders and protect his clients' interests. This Court holds that reciprocal sanctions under Rule 13 are in order. For that reason, this Court imposes an 180 day suspension of Felton from the practice of law in all courts in the State of Mississippi. Additionally, this Court holds that all costs and expenses be taxed against Felton. See Matter *953 of Mississippi State Bar, 361 So.2d 503, 506 (Miss. 1978).
¶ 18. DARNELL FELTON IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN ALL COURTS IN THE STATE OF MISSISSIPPI FOR 180 DAYS.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and MILLS, JJ., concur.